UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| NATIONAL CITY COMMERCIAL, CAPITOL CO., LLC | Case No. 1:08-cv-468 |
| Plaintiff, | Weber, J. |
| | Wehrman, M.J. |
| vs. | |
| CALIBER HOMES, LLC, *et al.,* | |
| Defendants. | |

### REPORT AND RECOMMENDATION[1]

On December 21, 2009, defendants Caliber Homes, LLC, Caliber Holdings Company, LLC, Performance Construction, Inc., and Deseret Sky Development, LLC were each ordered to secure counsel and have counsel enter an appearance on its behalf within thirty days.[2] (Doc. 49). The Court further ordered that defendants' failure to secure counsel within the allotted time could result in a entry of default and default judgment against each defendant. None of the above-named defendants responded to the Show Cause Order, nor does the record reflect that the defendants have retained counsel.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] On October 21, 2009, the Court granted attorney Thomas Shuck's motion to withdraw as counsel for Defendants Brent D Butcher, Caliber Holdings Company, LLC, Caliber Homes, LLC, Deseret Sky Development, LLC, Michael J. Lichtie and Performance Construction, Inc. (Doc. 42).

Accordingly, for the reasons that follow, the undersigned herein recommends that the Clerk file an entry of default against defendants Caliber Homes, LLC, Caliber Holdings Company, LLC, Performance Construction, Inc., and Deseret Sky Development, LLC.

It is well settled that a corporation cannot appear in federal court except through an attorney. *Doherty v. American Motors Corp.*, 728 F.2d 334, 340 (6th Cir. 1984). Furthermore, it is insufficient that the person attempting to represent the corporation is an officer of the corporation. *Reich v. Pierce*, 45 F.3d 431, 1194 WL 709292, at *4, n.1 (6th Cir. Dec. 20, 1994) (citing *Ginger v. Cohen*, 426 F.2d 1385, 1386 (6th Cir. 1970)); *accord Kinder Capital, Inc. v. Unity Community*, 85 F.3d 629, 1996 WL 229819, at *1 (6th Cir. May 6, 1996)).

The procedure governing the entry of default and default judgment is provided by Fed. R. Civ. P. 55, which states in pertinent part:

> a)  Entry.  When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.
>
> (b)  Judgment.  Judgment by default may be entered as follows: (1) By the Clerk.  When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear and if he is not an infant or incompetent person. (2) By the Court.  In all other cases the party entitled to a judgment by default shall apply to the court therefore; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against

> whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

Fed. R. Civ. P. 55(a), (b).

The sequence of procedural steps required of one seeking judgment by default begins with the entry of a default by the clerk upon the plaintiff's request. *United Coin Meter Co. v. Seaboard Coastline R.R.,* 705 F.2d 839, 844 (6th Cir. 1983) (quoting *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981)). "Then, pursuant to Rule 55(c), the defendant has an opportunity to seek to have the entry set aside. If that motion is not made or is unsuccessful, and if no hearing is needed to ascertain damages, judgment by default may be entered by the court or, if the defendant has not appeared, by the clerk." *United Coin Meter Co.,* 705 F.2d at 844. Additionally, under Fed. R. Civ. P. 55(c), a court may set aside a default judgment in accordance with Fed. R. Civ. P. 60(b). *Id.*

As noted above, a corporation cannot appear in federal court except through an attorney. *Doherty v. American Motors Corp.*, 728 F.2d at 340. Thus, the undersigned finds that the corporate defendants have not satisfactorily responded to the pending Show Cause Order, and entry of default is therefore appropriate pursuant to Rule 55 of the Federal Rules of Civil Procedure. *See Wilen v. Alternative Media Net, Inc.*, 2005 WL

167589, *2 (S.D.N.Y. 2004) (citing *S.E.C. v. Research Automation Corp.*, 521 F.2d 585, 589 (2d Cir.1975) (holding that a corporation cannot appear except through an attorney and "where a corporation repeatedly fails to appear by counsel, a default judgment may be entered against it")).

Accordingly, it is therefore **RECOMMENDED** that the Clerk be **DIRECTED** to file an Entry of Default against defendants Caliber Homes, LLC, Caliber Holdings Company, LLC, Performance Construction, Inc., and Deseret Sky Development, LLC.

**DATE: June 23, 2010**                s/ J. Gregory Wehrman
                                        J. Gregory Wehrman
                                        United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

NATIONAL CITY COMMERCIAL,            Case No. 1:08-cv-468
CAPITOL CO., LLC
       Plaintiff,                              Weber, J.
                                                      Wehrman, M.J.
    vs.

CALIBER HOMES, LLC, *et al.*,
       Defendants.

**NOTICE**

      Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **14 DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **14 DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).